IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VALVOLINE INC.<br>100 Valvoline Way<br>Lexington, Kentucky 40509<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPERASH REMAINDERMAN<br>LIMITED PARTNERSHIP<br>190 South LaSalle Street, 17th Floor<br>Chicago, Illinois 60603<br><br>　　　　Defendant. | CASE NO.<br><br>JUDGE |

## COMPLAINT

Now comes Valvoline Inc. ("Valvoline"), by and through its counsel, and for its Complaint against Defendant SuperAsh Remainderman Limited Partnership ("SuperAsh"), states as follows:

INTRODUCTION

1. This is a declaratory judgment action, brought pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 to declare the rights, duties and obligations of the parties under a purchase option contained in a 2010 Ground Lease (the "2010 Ground Lease").[1] The action flows from SuperAsh's wrongful rejection of the valid exercise of that purchase option. Valvoline asserts that it (i) is entitled to exercise an option to purchase the properties that are the subject of the 2010 Ground Lease, (ii) has properly done so, and (iii) SuperAsh is entitled to no additional rent payments under the 2010 Ground Lease. SuperAsh claims that Valvoline has not properly exercised its option under the 2010

---

[1] There actually exists a 1990 Ground Lease for each of the twenty-four properties. For ease of reference, Ashland refers to the leases in the singular.

Ground Lease, is not entitled to do so, and owes additional rent for 2022 and 2023.

## PARTIES

2. Valvoline is a Kentucky corporation with its principal place of business at 100 Valvoline Way, Lexington, Kentucky 40509.

3. In 2022, Ashland Inc., successor in interest to Ashland Global Holdings Inc. and Ashland LLC ("Ashland"), entered an agreement with Valvoline in which Ashland transferred certain rights and obligations under the 2010 Ground Lease, as permitted by that document, including the right to exercise the purchase option and the obligation for the payment of rent(s), if any.

4. SuperAsh is an Illinois limited partnership with its principal place of business at 190 South LaSalle Street, Chicago, Illinois 60603.

## JURISDICTION

5. This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. § 1332, as the parties are citizens of different States, and the matter in controversy exceeds the value of $75,000.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS COMMON TO ALL CLAIMS

7. In 2010, SuperAsh and U.S. Bank entered into a ground lease relating to 24 properties located in several states ("the Properties") under which the lessor was SuperAsh, the ground lessee was a bank trust, and Ashland was the operating lessee (the 2010 Ground Lease).[2] The initial term

---

[2] Based upon a master form of lease, there are twenty-four individual leases at issue for twenty-four separate properties. *See* FN1, *supra*. Eight of the properties are located in Ohio. Due to the voluminous nature of twenty-four separate leases and because SuperAsh is both a signatory to them and has copies of them, they are not attached hereto. In addition, a copy of the complete 2010 Ground Lease was filed in the Renewal Lawsuit by SuperAsh.

of the 2010 Ground Lease was five years, with an option to renew the lease in 2015 for an additional five years. At that point, Ashland was entitled to renew the lease for consecutive 12-month periods through 2089. Further, at the end of the lease term, Ashland could alternatively exercise an option to purchase the Properties at the greater of Fair Market Value or Stipulated Loss Value.

8. Under the 2010 Ground Lease, Ashland was obligated to pay rent to SuperAsh in the amount of $512,400 for Lease Year 2022.

9. Under the terms of the 2010 Ground Lease, in the event Ashland desired to renew the ground leases it was required to deliver to SuperAsh written notice of its intent to renew the lease no later than September 3 of each year. In late 2021, however, due to an honest mistake Ashland did not deliver the 2022 lease renewal notice for the forthcoming year until November 3, 2021.

10. On November 3, 2021 SuperAsh claimed that, because Ashland failed to provide timely notice of renewal of the 2010 Ground Lease for lease year 2022, the 2010 Ground Lease was terminated and demanded that Ashland vacate the twenty-four properties subject to the 2010 Ground Lease.

11. To enable Ashland to remain in possession of the properties while the parties attempted to negotiate a solution to the dispute, SuperAsh unlawfully demanded rent of $1,080,000.00 over the course of four tolling agreement periods, from January 1, 2022 through April 15, 2022.

12. Ashland objected to SuperAsh's demand, but, because it was sub-leasing the Properties to Speedway and was obligated to continue sub-leasing the Properties to Speedway, paid the exorbitant sums to SuperAsh under protest.

13. After the fourth tolling period expired on April 15, 2022, Ashland filed a lawsuit in Franklin County Common Pleas Court case, Case No. 22CV-2398 (the "Renewal Lawsuit").

14. SuperAsh filed a counterclaim for forcible entry and detainer in the Renewal Lawsuit.

15. The parties conducted expedited discovery in the Renewal Lawsuit and the matter proceeded to trial on September 19, 2022 for three days before the Honorable Richard Frye.

16. On September 27, 2022, Judge Frye issued an Opinion (the "Renewal Lawsuit Opinion"), finding:

    a) that Ashland validly exercised its right to renew the 2010 Ground Lease for 2022 and that Ashland's renewal notice was effective; and

    b) dismissed SuperAsh's claim for forcible entry and detainer and found that SuperAsh could not declare the 2010 Ground Lease terminated.[3]

17. On October 3, 2022, the Court issued an Amended Judgment, clarifying that while the findings of fact made in the Renewal Lawsuit Opinion were common to all 24 properties in five states subject to the 2010 Ground Lease, only the eight Ohio properties were bound by the conclusions of law in the Renewal Lawsuit Opinion.

18. Ashland is contemporaneously filing a lawsuit against SuperAsh for its breach of the 2010 Ground Lease by unreasonably and unlawfully demanding Ashland pay $1,080,000 rent for the Properties to continue occupation of those properties for Lease Year 2022, when under the 2010 Ground Lease and the Renewal Lawsuit Opinion only $512,400.00 was due as full payment under the 2010 Ground Lease for Lease Year 2022.

19. Ashland has demanded the return of $567,600.00, which represents the overpayment of rent due under the 2010 Ground Lease, which amount SuperAsh refuses to refund.

20. Ashland has complied with all of its obligations under the 2010 Ground Lease, or such obligations have been expressly or impliedly waived by SuperAsh.

21. No additional rent is owed or has been paid by Ashland or Valvoline for 2022 or

---

[3] True and accurate copies of the Renewal Opinion and Amended Judgment are attached hereto as Exhibits 1 and 2, respectively.

2023 since Ashland paid the $1,080,000 unreasonably and unlawfully demanded by SuperAsh.

## COUNT I
### Declaratory Judgment

22. Valvoline incorporates by reference the preceding paragraphs of its complaint as if fully restated herein.

23. On April 12, 2022, pursuant to Article IV of the 2010 Ground Lease Agreement, Ashland provided written notice of its intention to exercise its option to purchase the Properties. A true and accurate copy of Ashland's notice is attached hereto as Exhibit 3.

24. On April 13, 2022, SuperAsh denied that Ashland was entitled to exercise its option to purchase the Properties under the 2010 Ground Lease because it had allegedly failed to properly renew the 2010 Ground Lease. A true and accurate copy of SuperAsh's denial notice is attached hereto as Exhibit 4.

25. The Court has now judicially declared that Ashland did properly renew the 2010 Ground Leases and thus Ashland is now entitled to exercise its option to purchase the Properties.

26. There is a dispute between the parties capable of judicial resolution in that Valvoline asserts that it is entitled to exercise its right to purchase the Properties pursuant to the terms of the 2010 Ground Lease; and SuperAsh claims that Valvoline may not exercise its purchase option under the 2010 Ground Lease.

27. In addition, there is a dispute between the parties capable of judicial resolution in that Valvoline asserts that: (i) SuperAsh's unreasonable and unlawful demand for additional rent resulted in the overpayment of rent for 2022 in the amount of $567, 600 (which overpayment is the subject of a lawsuit filed by Ashland against SuperAsh), meaning that no additional rent is due for 2022, and (ii) had SuperAsh not unreasonably and unlawfully rejected the exercise of Ashland's purchase option in April 2022, Valvoline/Ashland would have purchased the Properties by the end

of 2022, meaning no rent for is due for 2023; whereas, SuperAsh claims that rent is due for 2022 and 2023.

**WHEREFORE**, Valvoline respectfully demands judgment against SuperAsh as follows:

1. As to Count I, for a declaration that Valvoline/Ashland properly exercised its option to purchase the properties that are the subject of the 2010 Ground Lease, is entitled to purchase the Properties pursuant to the terms of the 2010 Ground Lease, and is not required to pay any additional rent for the Properties for 2022 or 2023; and

2. For its costs, expenses attorney's fees, and all and any other relief, legal or equitable, which this Court determines is just.

Respectfully submitted,

*/s/ Michael L. Dillard, Jr.*
James E. Arnold (0037712)
Michael L. Dillard, Jr. (0083907)
Trial Attorney

**ARNOLD & CLIFFORD LLP**
115 W. Main Street, Suite 400
Columbus, Ohio 43215
Tel: 614.460.1600
Fax: 614.469.1134
Email:  jarnold@arnlaw.com
            mdillard@arnlaw.com

*Counsel for Plaintiff*